Law Offices of Vincent S. Wong
Vincent S. Wong. Esq.
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
Xi Tang and Zhong Ping Li,
individually and on behalf of all other employees
similarly situated,

                                                    Civil Action No.

                              Plaintiffs,

              v.

                                                    **COMPLAINT**

Incare Metal Holdings, Corp.,
Tian Xin Situ, and
Carol "Doe"

                              Defendants.
--------------------------------------------------------------x

Plaintiffs, Xi Tang and Zhong Ping Li, by the undersigned attorneys, the Law Offices of
Vincent S. Wong, complaining of defendants hereby states:

<u>**PRELIMINARY STATEMENT**</u>

1. Plaintiffs bring this action against the Defendants Incare Metal Holdings, Corp.,

   Tian Xin Situ, and Carol "Doe", (hereinafter, collectively, "Defendants") to

   recover damages, he is: (i) entitled to unpaid wages from Defendants for work

   performed for which they received no compensation at all or less compensation then

   required by minimum wage law; (ii) unpaid wages for overtime work for which they

   did not receive overtime premium pay, as required by law, and (iii) liquidated

   damages, declaratory relief, costs, interest and attorney fees pursuant to the FLSA (29

   U.S.C. §§201 et seq.) and NYLL (New York Labor Law §§ 650 et seq. and other

appropriate rules, regulations, statutes and ordinance governing minimum and overtime wages, spread of hours, and notices and statements of rates of pay).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

3. This Court has jurisdiction over the State Law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

4. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York, and the events complained of occurred in New York.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

6. Plaintiff Xi Tang ("Tang") is an individual resident of the City and State of New York, with a residence located in New York.

7. Plaintiff Zhong Ping Li ("Li") is an individual resident of the City and State of New York, with a residence located in New York.

8. Upon information and belief Defendant Incare Metal Holdings, Corp. ("Incare Metal") is a domestic corporation located at 571 63RD ST, BROOKLYN, NEW YORK, 11220

9.  At relevant times, defendant Incare Metal has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. At all relevant times, defendant Incare Metal has had gross revenues in excess of $500,000.00.

11. Upon information and belief, at relevant times herein, defendant Incare Metal has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

12. Upon information and belief, at relevant times, defendant Incare Metal has constituted an "enterprise" as defined in the FLSA.

13. Upon information and belief defendant Incare Metal was an employer of Plaintiffs.

14. Upon information and belief Defendant Tian Xin Situ ("Situ") is an individual who is an owner or part owner, manager, and principal of defendant Incare Metal, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

15. Upon information and belief, defendant Situ was involved in the day-to-day operations of defendant Incare Metal and played an active role in managing the business.

16. Upon information and belief Defendant Carol "Doe" ("Carol") is an individual, whose real name is unknown but was called Carol, who is an owner or part owner, manager, and/or principal of defendant Incare Metal, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

17. Upon information and belief, defendant Carol was involved in the day-to-day operations of defendant Incare Metal and played an active role in managing the business.

18. Defendants are employers within the meaning of the FLSA and New York Labor Law.

19. Upon information and belief that Defendants have had continuous, regular, and systematic contact in/with the State of New York.

## STATEMENT OF FACTS

20. Defendant Incare Metal is a metal recycling business.

21. Plaintiffs were employed primarily as a mover/helper.

22. Plaintiffs' job primary of lifting, carrying, sorting, separating and compressing various objects, usually metal.

23. Plaintiff's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities

**Plaintiff Zhong Ping Li**

24. Plaintiff Zhong Ping Li was employed by Defendants from approximately April 2014 to May 19, 2019.

25. Plaintiff Li was normally scheduled to work six days days per week, Saturday to Thursday, from 9am to 7pm with de minimis breaks.

26. Plaintiff Li would sometimes switch his normal day off, Friday, with other workers, but would always work six days per week.

27. Plaintiff Li was paid once per week, usually on Monday.

28. Plaintiff Li was paid $100 per day when he first started, regardless of the hours worked.

29. In approximately May 2014 Li's pay became $110 per day, regardless of the hours worked.

30. In approximately June 2017 Li's pay became $115 per day, regardless of the hours worked.

31. In approximately June 2018 Li's pay became $120 per day, regardless of the hours worked.

32. Plaintiff Li was paid in cash and check.

**Plaintiff Xi Tang**

33. Plaintiff Xi Tang was employed by Defendants from approximately June 2016 to May 2019.

34. Plaintiff Tang was normally scheduled to work six days per week, with Wednesday as his usual day off, from 9am to 7pm with de minimis breaks.

35. Plaintiff Tang would sometimes switch his normal day off, Wednesday, with other workers, but would always work six days per week.

36. Plaintiff Tang was paid once per week, usually on Monday.

37. Plaintiff Tang was paid $90 per day when he first started, regardless of the hours worked.

38. In approximately December 2016 Tang's pay became $95 per day, regardless of the hours worked.

39. In approximately June 2017 Tang's pay became $100 per day, regardless of the hours worked.

40. In approximately December 2017 Tang's pay became $105 per day, regardless of the hours worked.

41. In approximately June 2018 Tang's pay became $115 per day, regardless of the hours worked.

42. Defendants did not pay Plaintiffs minimum wage, overtime compensation, and spread of hours compensation required by both the Fair Labor Standards Act and New York Labor Law.

43. Defendants' failure to pay Plaintiffs an amount at least equal to the Federal or New York State minimum wages in effect during the relevant time periods was willful, and lacked a good faith basis.

44. In addition, Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

45. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

46. Defendants did not provide Plaintiff with proper wage stubs of hiring statements as required by law.

47. Defendants failed to provide Plaintiff with written notices providing the information required by the Wage Theft Prevention Act – including, inter alia Defendants' contact information, her regular and overtime rates, and intended allowances claimed – and failed to obtain her signatures acknowledging the same, upon her hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

48. Defendants failed to provide Plaintiff with weekly records of his regular and overtime compensation and hours worked, in violation of the Wage Theft Prevention Act.

49. Upon information and belief, while Defendants employed Plaintiff, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

50. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

51. At all relevant times, defendants employed Plaintiffs within the meaning of the FLSA.

52. Defendants failed to pay a salary greater than the minimum wage to Plaintiffs for all hours worked.

53. As a result of Defendants' willful failure to compensate Plaintiffs at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

54. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

55. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable

attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C.
§ 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

56. Plaintiffs repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

57. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

58. Defendants willfully violated Plaintiffs' rights by failing to pay their compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

59. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

60. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

61. Plaintiffs repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

62.  At all relevant times, defendants employed Plaintiffs within the meaning of the FLSA.

63. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for hours he worked in excess of forty hours per workweek.

64. As a result of Defendants' willful failure to compensate Plaintiffs at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

65. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

66. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## <u>COUNT IV</u>

### <u>(New York Labor Law - Overtime)</u>

67. Plaintiffs repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

68. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

69. Defendants willfully violated Plaintiffs' rights by failing to pay his overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

70. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

71. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and §663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

72. Plaintiffs repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

73. At all relevant times, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

74. Defendants willfully violated Plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked more than ten hours, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

75. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

76. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

<u>**COUNT VI**</u>

<u>**(New York Labor Law – Wage Theft Prevention Act)**</u>

77. Plaintiffs repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

78. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

79. Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

80. Defendants willfully violated Plaintiffs' rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

81. Due to Defendants' New York Labor Law violations relating to the failure to provide compliant, accurate paystubs, Plaintiffs are entitled to recover from the Defendants statutory damages, up to the maximum statutory damages.

82. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are entitled to recover from the Defendants statutory damages up to the maximum statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand a judgment be granted for the following relief:

a. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

b. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

c. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

d. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

e. Liquidated damages for defendants' New York Labor Law violations;

f. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

g. Back pay;

h. Punitive damages;

i. An award of prejudgment and post judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other, further, and different relief as this Court deems just and proper.

Dated: New York, NY
      February 20, 2020

                          Respectfully submitted,


                          /s/Vincent S. Wong
                          Vincent S. Wong, Esq. (VW9016)