## SETTLEMENT AND RELEASE AGREEMENT

The Settlement and Release Agreement ("Agreement") is entered into by and between Xi Tang and Zhong Ping Li, (hereinafter referred to as the "Plaintiffs"), and Incare Metal Holdings, Corp., and Tian Xin Situ, (hereinafter referred to collectively as the "Defendants") (hereinafter, Plaintiffs and Defendants shall collectively be referred to as "Parties"), memorializes a settlement reached and bargained for during arms-length negotiations.

**WHEREAS**, the parties mutually desire to put this protracted litigation to rest without incurring any further expense, and have entered into this settlement as a reasonable compromise.

## RECITALS

**WHEREAS**, Plaintiffs commenced a civil action against Defendants on February 20, 2020 States District Court for the Eastern District of New York, styled *Xi Tang and Zhong Ping Li, individually and on behalf of all other employees similarly situated,-against- Incare Metal Holdings, Corp.,Tian Xin Situ, and Carol "Doe"*, E.D.N.Y. Civil Action No. 20-cv-00935;

**WHEREAS**, Defendants answered the Complaint on June 8, 2020;

**WHEREAS**, Defendants denies any and all liability and/or wrongdoing with respect to all of Plaintiff's claims;

**WHEREAS**, Plaintiffs and Defendants now desire to settle fully and finally all wage and hour and related claims that Plaintiffs had, have, or may have had against Defendants, without further litigation and without any finding of fact or admission of liability.

**NOW, THEREFORE,** for and in consideration of the mutual covenants contained herein, and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      This Agreement shall not in any way be construed as an admission by Defendants of a violation of any of Plaintiffs' rights.  During this litigation, Defendants in their corporate and individual capacities, denied violating any rights of Plaintiffs based on federal, state or local law pertaining to employment or on any other bases, including but not limited to those relating to the potential liability for overtime compensation and other violations of law alleged by Plaintiffs, such as whether Plaintiffs was fully paid for all of his hours, whether he received time and a half, whether he was entitled to spread of hours, whether all record keeping requirements were complied with, and whether there was a lack of good faith and/or willfulness, with respect to which Defendants dispute all of Plaintiffs' claims of liability. Accordingly, this Agreement is a reasonable compromise by the Parties of the disputed claims accompanied by several protections for Plaintiffs as set forth herein, and a discharge of rights limited to wage and hour and associated claims, but, as such, is not an admission by any Party as to the merits of such claims and this Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from any breach hereunder.

2.      In consideration of (i) the releases given by the Parties as described herein *infra*, and (ii) the dismissal of the action with prejudice attached hereto and made a part hereof as Exhibit "A" with respect to Plaintiffs as against all of Defendants hereunder, Defendants shall pay, pursuant to paragraphs 2(a) and (2b) herein, the total sum of EIGHTY-FIVE THOUSAND

DOLLARS AND ZERO CENTS ($85,000.00) (the "Settlement Amount") which is inclusive of all attorneys' fees and costs, as follows:

    a.   Within thirty (30) days of the Court's approval of this Agreement, one check payable to "Law Office of Vincent S. Wong, as attorney" in the amount of FIFTEEN THOUSAND DOLLARS AND ZERO CENTS ($15,000.00); and

    b.   Within thirty (30) days of the first payment listed in paragraph 2a , and again every thirty (30) day thereafter, checks payable to "Law Office of Vincent S. Wong, as attorney" in the amount of FIVE THOUSAND DOLLARS AND ZERO CENTS ($5,000.00), until a total of six (6) payments for a combined total of THIRTY THOUSAND DOLLARS ($30,000), not including the payment described in paragraph 2.b. above, have been made.

    c.   Within thirty (30) days of the last payment listed in paragraph 2b, a check payable to "Law Office of Vincent S. Wong, as attorney" in the amount of FORTY THOUSAND DOLLARS AND ZERO CENTS ($40,000.00), not including the payment described in paragraph 2.a or 2.b. above.

3.    All checks will be sent to Plaintiff's attorney, Michael Brand, Esq., Law Office of Vincent S. Wong, 39 Broadway, Suite 306, New York, NY  10002.  It is understood that if the due date falls on a weekend or federally recognized holiday, the deadline for payment shall be deemed extended until the close of business on the next following business day.

4.    The Parties shall submit this Agreement to the Court for the Court's approval. Simultaneous with the execution of this Agreement, counsel for Plaintiff shall submit this Agreement, together with a Stipulation of Dismissal with Prejudice and a cover letter, to the Court and request that the Court dismiss this Action with prejudice.  The parties will also request

that the Court retain jurisdiction over this Action to resolve any disputes related to the settlement terms agreed to by the parties.

5.     To ensure that the Defendants pay the Settlement Funds in accordance with paragraph 2 above, upon execution of this Agreement, Defendants will deliver or cause to be delivered to plaintiff's counsel original copies of Affidavit of Confession of Judgment in the amount of $148,750 and in the form annexed hereto (the "Confession") as Exhibit B duly executed by Tian Xin Situ in his individual capacity and on behalf of Incare Metal Holdings, Corp.  Plaintiff's counsel will hold the Confession in escrow pending collection of the consideration as set forth in the Order. Upon collection of the consideration, the Confession shall be deemed null and void and plaintiff's counsel will return the Confession to Defendants' counsel or destroy the Confession.

6.     In the event that any of the installments are not timely paid, or are not honored by the payor bank, and if such installment remains unpaid for more than seven (7) days, after actual receipt of notice by Defendants' counsel, sent by email, Plaintiffs shall be entitled to file the Confession with the Clerk of the Court and to proceed with all lawful means of enforcing the judgment as confessed for the full amount with all accrued interest and costs, including attorneys' fees associated with seeking an enforcement of the judgment, giving credit only for payments actually received.   For so long as there is no default hereunder, Plaintiffs shall not commence any claims or litigation against any of the Defendants to enforce this stipulation or for any cause of action related to Complaint in this action.

7.     In return for the Settlement Amount that is the subject of this Agreement, Plaintiff agrees to dismiss the Action, with prejudice, and release, waive, acquit and forever discharge Incare Metal Holdings, Corp., Tian Xin Situ, and Carol "Doe" jointly and severally, their

predecessors, successors, parents, subsidiaries, assigns, agents, directors, officers, shareholders, employees, representatives, and attorneys ("Released Parties"), from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which Plaintiffs may have or claim to have against any of the Released Parties regarding any matter in connection with his pay, his rate(s) of pay, overtime pay, minimum wage violations, spread of hours, Wage Theft Prevention Act violations, recordkeeping violations, and/or any claims of retaliation for having brought or raised any of the foregoing claims and any other claims or allegations made in the Action, as well as any related attorney's fees and/or costs incurred in the prosecution of this litigation, whether claim was made for same or not in the Action.

8.      While agreeing to compromise and settle their disputes, the Parties deny liability to one another. Nothing in this Agreement shall be construed or interpreted as an admission or acknowledgement of any allegation made by any other Party, or of any wrongdoing or liability by any Party hereto.

9.      This Agreement may not be changed orally but may be changed only by an agreement in writing signed by the Parties.

10.     This Agreement is entered into by the Parties without duress or undue influence of any kind on the part of any person, firm, or entity, in the free will of the Parties, and in consideration of the obligation of the Parties as set forth herein, and in consideration of the receipt of consideration and protections afforded Plaintiffs in the event of Defendants' default. The Parties acknowledge that they have not entered into this Agreement in reliance upon any inducement, representations or promise not otherwise contained herein, and that this Agreement

supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof. The Parties have consulted with their attorneys of record in the Action regarding the terms of this Agreement and have resolved any questions they may have as to the meaning, effect or interpretation of this Agreement. The decision of the Parties to enter into this Agreement is a fully informed decision, and the Parties are aware of the legal and other ramifications of such decision. Given that all Parties having been represented by counsel and all counsel having read, discussed, and negotiated the provisions of this Agreement at arms' length, ambiguities in this Agreement, if any, shall not be resolved against either Party as the draftsman hereof.

11.     In the event it shall be necessary for any Party hereto to institute or defend a legal action to enforce any of the terms and conditions or provisions contained in this Agreement, or as the result of the breach hereof, the prevailing party in such action or proceeding shall be entitled to the costs and reasonable attorney's fees incurred in pursuing or defending enforcement.

12.     The substantive laws of the State of New York shall govern the validity, construction, enforcement and interpretation of this Agreement, and venue for any dispute between the Parties shall be the United States District Court for the Eastern District of New York ("District Court"). The dismissal with prejudice shall provide that the District Court shall retain jurisdiction over the Action for the purposes of enforcing the terms of this Agreement. If the District Court should refuse or decline to accept jurisdiction over the Agreement or the enforcement of same for any reason, the Parties agree that an action to enforce this Agreement may be filed in the Civil Court of the City of New York, County of New York or New York State Supreme Court, County of New York (depending on monetary value), and this provision

shall be treated as a valid venue selection provision in any such state court in the event the District Court has declined or refused to accept jurisdiction for any reason.

13. Any provision of the Agreement is held to be invalid, illegal, or unenforceable in any jurisdiction shall, as to that jurisdiction, be ineffective to the extent of such invalidity, illegality, or unenforceability, without affecting the validity, legality, and enforceability of the remaining provisions hereof; and the invalidity of a particular provision in a particular jurisdiction shall not invalidate such provision in any other jurisdiction.

14. If any provision is determined to be invalid, illegal, or unenforceable, the remaining provisions of this Agreement shall remain in full force, if the essential terms and conditions of this Agreement for each Party remain valid, binding, and enforceable.

15. The Parties agree that Sections 2 and 7 are *sine qua non* of this Agreement, and as such, cannot be severed from the Agreement. If Sections 2 or 7 are held to be invalid, illegal, or unenforceable, this Agreement shall be deemed invalid and the Parties shall start back at their original position in Court.

16. This Agreement, and any of the documents incorporated by reference herein or given as part and parcel hereof, may be executed in a number of identical counterparts, and signature by photocopy, facsimile, pdf, or any other consistently reliable means of reproduction shall be treated with the same force and effect as a signed original as against the party to be charged.

17. Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of such term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

18.     This Agreement is valid and binding if signed by the Parties authorized representatives.

19.     The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

20.     ALL PARTIES HAVE CONSULTED WITH THEIR RESPECTIVE ATTORNEYS PRIOR TO SIGNING THIS AGREEMENT AND REPRESENT TO THE OPPOSING PARTIES THAT THEY HAVE DONE SO. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, THE PARTIES FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE THE CLAIMS CONTAINED IN THE RELEASE LANGUAGE IN THIS AGREEMENT. DEFENDANTS HAVE BEEN ADVISED BY THEIR COUNSEL AND UNDERSTAND AND AGREE THAT FAILURE TO FULLY AND TIMELY PAY THE SETTLEMENT AMOUNT WILL RESULT IN FURTHER LITIGATION WHERE DEFENDANTS HAVE AGREED TO PAY PLAINTIFF'S ATTORNEYS' FEES AND COSTS.  HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO OBTAIN THE RELEASES, PROMISES AND BENEFITS SET FORTH ABOVE, DEFENDANTS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, ENTER INTO THIS AGREEMENT INTENDING TO BIND THEMSELVES TO ALL OBLIGATIONS AND

POTENTIAL CONSEQUENCES FOR NON-PAYMENT OF ANY AMOUNTS REQUIRED TO BE PAID HEREUNDER.

21.     The Parties knowingly and voluntarily sign this Settlement Agreement and Release as of the date(s) set forth below:

**[THIS SECTION INTENTIONALLY LEFT BLANK]**

**SIGNED AND AGREED TO:**

Dated: _1/11/2021_                          x _Xi Tang_
                                                   Xi Tang

STATE OF  NY        )
                               )ss.:
COUNTY OF Kings   )

On _Jan 11th_____, 2021 before me personally came to me Xi Tang known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

LI HONG HUANG
Notary Public – State of New York
No. 01HU6307123
Qualified in Kings County
My Commission Expires 6/30/20 22

_____
Notary Public

**SIGNED AND AGREED TO:**

Dated: _1/11/2021_                          x _ZHONG PING LI_
                                                   Zhong Ping Li

STATE OF  NY        )
                               )ss.:
COUNTY OF Kings   )

On _Jan 11th_____, 2021 before me personally came to me Zhong Ping Li known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

LI HONG HUANG
Notary Public – State of New York
No. 01HU6307123
Qualified in Kings County
My Commission Expires 6/30/20 22

_____
Notary Public

**SIGNED AND AGREED TO:**

Incare Metal Holdings, Corp.

Dated: _1/11/2021_

By: _~~~. Z. Si~~_
Tian Xin Situ
Officer and Authorized
Representative

STATE OF _New York_ )
                                          )ss.:
COUNTY OF _KINGS_ )

On _Tian Xin Situ_ 2021 before me personally came _Tian Xin Situ_ and acknowledged him/herself to be an officer and an Authorized Representative of Incare Metal Holdings, Corp. and that s/he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his/her name on behalf of the corporation by him/herself as an officer and an Authorized Representative.

_____
Notary Public

KWOK KWONG LEE
Notary Public, State of New York
No. 01LE5076533
Qualified in Kings County
Commission Expires April 21, 2023

**SIGNED AND AGREED TO:**

Dated: _1/11/2021_

_~~~. Z. Si~~_
Tian Xin Situ

STATE OF _New York_ )
                                          )ss.:
COUNTY OF _KINGS_ )

On _Tian Xin Situ_, 2021 before me personally came to me Tian Xin Situ known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

KWOK KWONG LEE
Notary Public, State of New York
No. 01LE5076533
Qualified in Kings County
Commission Expires April 21, 2023

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
Xi Tang and Zhong Ping Li,
Individually and on behalf of all other employees
similarly situated,

Plaintiff,                                       **VOLUNTARY DISMISSAL
                                                 WITH PREJUDICE**

          -against-                              **Civil Action No.** 20-cv-00935

Incare Metal Holdings, Corp.,
Tian Xin Situ, and
Carol "Doe",

                    Defendants.
--------------------------------------------------------------X

      **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned
Parties, through their respective counsel, that the above action be and is hereby dismissed with
prejudice, without costs to either party.

      The Court shall retain jurisdiction over the settlement for the purposes of the enforcement
of the provisions thereof.

Dated: New York, NY                              Dated: _New York_ , NY

_____, 2021                            _1/12_____, 2021

**LAW OFFICE OF VINCENT S. WONG**                **TSAI PLLC**

_____                    _____
Michael Brand, Esq.                              Joey Tsai, Esq.
39 Broadway, Suite 306                           535 Fifth Avenue, Fourth Floor
New York, NY  10002                              New York, NY 10017
*(212)* 961-7691                                 T. 646-829-9001
*Attorneys for Plaintiff*                        E. jtsai@tsaipllc.com
                                                 *Attorneys for Defendants*

      SO ORDERED this ____ day of _____, 2021:

          _____
             Judge Sanket J. Bulsara

**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Xi Tang and Zhong Ping Li,
Individually and on behalf of all other employees
similarly situated,

                            Plaintiff,

            -against-                                    **Civil Action No.** 20-cv-00935

Incare Metal Holdings, Corp.,
Tian Xin Situ, and
Carol "Doe",

                            Defendants.
-------------------------------------------------------------X

## **AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK            )
                             )     ss.:
COUNTY OF _____        )

Tian Xin Situ, being duly sworn, deposes and says:

1.    I am a Defendant in the above-entitled action and an officer of the corporate

defendant, Incare Metal Holdings, Corp.,

2.    I reside in _____*Queens*_____ county.

3.    I, Defendant in the above-entitled action, as an individuals, hereby confess

judgment in this Court in favor of the Plaintiffs Xi Tang and Zhong Ping Li, for maximum

sum of ONE HUNDRED FORTY EIGHT THOUSAND  SEVEN HUNDRED AND FIFTY

DOLLARS AND ZERO CENTS ($148,750.00) in accordance with the amicable resolution of

an action between these parties pending in the United States District Court for the Eastern

District of New York bearing docket No. 20-cv-00935 (the "Litigation") and hereby authorize

Plaintiffs or his heirs, executors, administrators, or assigns to enter judgment for that sum

against Incare Metal Holdings, Corp. and Tian Xin Situ, as an individual.

4.     I make this affidavit pursuant to § 3218 of the New York Civil Practice Law and

Rules, in support of Plaintiff's application for the entry of a judgment by confession against

me in the above-captioned action, involving Plaintiff's allegation of wage and hour violations.

5.     This is a judgment to be confessed for money due.

6.     In or around December 2020, Defendants agreed to pay the gross sum of

EIGHTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($85,000.00) in exchange for

the dismissal of the lawsuit with prejudice and the Parties executed a Settlement Agreement

and Release (the "Agreement"), attached hereto as Exhibit A.

7.     Under the terms of the Agreement, if Defendants are in default in the payment of

any of the said installments, Plaintiff shall provide sevent (7) calendar days' written notice to

Defendants of his intent to file the Affidavit for Confession of Judgment with the clerk of any

court of competent jurisdiction.  To exercise this right, Plaintiff shall notify Defendants'

counsel, Joey Tsai, Esq., via email at jtsai@tsaipllc.com, of their intent to do so, and

Defendants shall have seven (7) calendar days to remedy their default.

8.     If Defendants do not remedy their default within seven (7) calendar days of their

receipt of such notice, I hereby authorize the entry of judgment in ONE HUNDRED FORTY

EIGHT THOUSAND  SEVEN HUNDRED AND FIFTY DOLLARS AND ZERO CENTS

($148,750.00)  (but less payments completed), plus interest calculated at the now applicable

federal post-judgment interest rate from the date the Agreement was executed, less any

payments already made by Defendants under said Agreement, against me personally and also

against Incare Metal Holdings, Corp. I also agree to indemnify Plaintiff for all reasonable

attorneys' fees and costs, as may be determined by a Court of competent jurisdiction, incurred in connection with any legal proceeding to collect that portion of the Settlement which has not yet been paid.

9.      I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:            _____, New York
            ___1/11/___, 2020

                                        Tian Xin Situ


STATE OF NEW YORK        }
                                          }S.S.
COUNTY OF ___KINGS___    }

On _Jan 11_, 2021, before me personally came Tian Xin Situ, to me known, and known to me to be the individual described in, and who executed the foregoing document and duly acknowledged to me that he executed the same.

_____
NOTARY

KWOK KWONG LEE
Notary Public, State of New York
No. 01LE5076533
Qualified in Kings County
Commission Expires April 21, 2023